UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
YETTA DOGGETT and SHEILA HIGH,

                Plaintiffs,

    -against-                           **COMPLAINT**

CITY OF NEW YORK, MOHAMMED
MANIK, and JOHN and JANE DOES 1-5,

                                    **PLAINTIFFS DEMAND**
                Defendants.        **A TRIAL BY JURY**
------------------------------X

        Plaintiffs Yetta Doggett and Sheila High, by their attorneys, Lumer & Neville, as for their complaint against the defendants, allege, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

1. At all relevant times herein, plaintiff Yetta Doggett was a female resident of Kings County, within the City and State of New York.

2. At all relevant times herein, plaintiff Sheila High was a female resident of Kings County, within the City and State of New York.

3. At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

4. At all relevant times hereinafter mentioned, defendant Mohammed Manik, Tax No. 948240, was employed by the City of New York as a member of the NYPD. Manik is being sued in both his official and individual capacities.

5. Upon information and belief, defendants John and Does 1 through 5 were at all relevant times herein individuals whose actual identities are presently unknown who were employed by the City of New York as members of the NYPD, and are sued in both their official and individual capacities.

6. Upon information and belief, at all relevant times herein each of the individual defendants, including the Doe defendants, were state actors acting in the course of their employment with the NYPD under color of law.

7. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. The Court has jurisdiction over the state claims under the legal principles of supplemental jurisdiction.

8. Venue is properly laid in this District pursuant to 28 U.S.C. §1391, *et seq.*, because all of the events complained of herein occurred within the Eastern District of New York, and because it is the district of residence for the majority of the plaintiffs.

9. Notices of Claim was timely served by both plaintiffs upon the defendant City of New York.

10. At least thirty days have passed since plaintiffs' service of their Notices of Claim, and adjustment and payment thereof has been neglected or refused by the City of New York.

11. Plaintiffs have complied with all of obligations, requirements and conditions precedent to commencing an action against New York City under New York law.

12. This action is brought within one year and ninety days of the events complained of herein.

## FACTUAL ALLEGATIONS

13. On September 5, 2013, at or about 7:30 a.m., the plaintiffs were lawfully present 72 Rogers Avenue, in Kings County in the City and State of New York (the "Premises"), as invited guests.

14. The Premises is understood to be a privately owned building that consists, in relevant part, of a bar or social club.

15. On September 5, 2013, at or around midnight, various members of the NYPD, including the individual defendants, physically forced their way into the Premises.

16. The defendants seized, handcuffed, and searched the plaintiffs.

17. None of the plaintiffs were in possession of narcotics, drug paraphernalia, or weapons, nor had any of the plaintiffs been observed engaging in any illegal activity or any other conduct that would reasonably support a belief that the plaintiffs constructively possessed narcotics, drug paraphernalia, or weapons.

18. At no time did the defendants have adequate legal cause to detain, seize, or arrest plaintiffs, nor could defendants have reasonably believed that such cause existed.

19. The plaintiffs were detained at the Premises for a period of time and then transported to a local NYPD Precinct station house for processing. While at the station house, the plaintiffs was fingerprinted, photographed, and searched.

20. Plaintiffs were eventually transported to Central Booking in Kings County, where they were imprisoned for a period of many hours.

21. While plaintiffs were imprisoned by the defendants, Manik completed arrest paperwork in which he claimed to have personally observed both plaintiffs engaged in the criminal use of drug paraphernalia in violation of New York Penal Law § 220.50.

22. These factual allegations by Manik were materially false, and Manik knew them to be false at the time he first made them, and at every time thereafter when he repeated them.

23. Manik forwarded these false allegations, or caused them to be forwarded, to the Kings County District Attorney ("KCDA") in order to justify the arrests and to persuade the KCDA to commence the plaintiffs' criminal prosecutions.

24. Eventually the KCDA, despite defendants' best efforts to persuade the KCDA to charge plaintiffs, declined both plaintiffs' prosecution. The plaintiffs were then released from custody without being charged.

25. At all times relevant herein, each of the individual defendants, including all of the John Doe defendants, were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

26. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "25" of the complaint as if incorporated and reiterated herein.

27. Defendants Manik and the Doe defendants, willfully and intentionally seized, searched and arrested plaintiffs without cause, and without a reasonable basis to believe such cause existed, and fabricated evidence to justify and cover up the unlawful arrest.

28. Those individual defendants that did not actively participate in the unlawful arrest were aware that their fellow defendants lacked probable cause for the arrest and imprisonment of the plaintiffs yet failed to take reasonable steps to intervene in the other defendants' willful violation of plaintiffs' constitutional rights.

29. In so doing, the defendants violated plaintiffs' rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

30. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## SECOND CAUSE OF ACTION

31. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "30" of the complaint as if incorporated and reiterated herein.

32. The defendants' actions in this matter were carried out in accordance with an existing plan or policy created or otherwise condoned by the municipal defendant designed to increase the number of arrests made without regard to probable cause.

33. More precisely, under this policy or plan, officers within the NYPD, including the individual defendants, would secure warrants to search social clubs, apartments, and other locations, and, if any contraband was found, routinely arrest all persons found therein, regardless of whether there was any factual basis for the charges.  The arresting officer(s) would then make false statements of fact as to seeing narcotics or paraphernalia in plain view or otherwise in the possession of each of the persons arrested.

34. The purpose of this policy or plan was to generate large numbers of arrests to help the NYPD create a false impression of positive activity by their officers.

35. In addition, members of the NYPD are evaluated, at least in part, on the basis of their "activity" which is measured by the number of arrests made, search warrants secured, and other, similar criteria.  Thus, members of the NYPD are under great pressure to make arrests and engage in other police activity in order to raise their levels of "activity" and improve the perception of their job performance that they often do so without sufficient legal cause.

36. In fact, there have been numerous lawsuits filed in this district by the undersigned attorney alleging that members of the NYPD have falsely arrested people inside or in front of 72 Rogers Avenue that have resulted in settlements and put the municipal

defendant on notice that its employees were routinely arresting people without probable cause at this location.

37. The policy or plan was kept in effect from, at least, 2006 through, at least, the date of plaintiff's arrest, despite the municipal defendant's knowledge that the individuals arrested were not being charged or that there was insufficient evidence to justify the arrests or that the arresting officers were seeking to bolster the arrests with false allegations, and that the prosecuting offices often had found insufficient cause to justify the imposition of charges or continued prosecution if charges were filed.

38. Defendant City of New York created, approved or condoned the practice and policy of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

39. By reason thereof, the municipal defendant has violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of her federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

### THIRD CAUSE OF ACTION

40. Plaintiffs repeat and reallege each and every allegation of paragraphs "1" through "39" of the complaint as if incorporated and reiterated herein.

41. Plaintiffs were intentionally, willfully, maliciously and/or with reckless disregard, seized, arrested, and imprisoned.

42. At no time did defendants have probable cause, legal justification, authority, or any legal basis for seizing, arresting, detaining and searching plaintiffs, and said detention, of which each plaintiff was conscious, was unlawful.

43. Regardless of whether defendants had a lawful basis to briefly detain plaintiffs at the time of their arrest (which defendants had no right to do), at no time prior to or during the unlawful detention did defendants have sufficient legal cause, justification or any legal basis to continue to detain plaintiffs beyond an initial inquiry, and said detention and searches were unlawful.

44. Defendants are liable under New York law for falsely arresting, imprisoning, and fabricating evidence against the plaintiffs in order to support their criminal prosecutions.

45. The municipal defendant is liable for the actions of the individual defendants under the doctrine of respondeat superior.

46. By reason thereof, defendants have caused each of the plaintiffs to be deprived of her constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demand judgment against the defendants jointly and severally as follows:

  i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action actual damages in an amount to be determined at trial;

  iii. on the third cause of action actual damages in amount to be determined at trial against all of the defendants, and punitive damages against the individual defendants;

  iv. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, as well as disbursements, and costs of this action; and

  v. such other relief as the Court deems just and proper.

Dated: January 16, 2014
New York, New York

> LUMER & NEVILLE
> Attorneys for Plaintiffs
> 225 Broadway, Suite 2700
> New York, New York 10007
> (212) 566-5060
>
> _____
>
> Michael Lumer (ML-1947)